UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXEI PLESTSOV, DENIS NAZAROV, and ROMAN KALABAYDA, | |
| Plaintiffs, | No. 20 CV 1847 |
| v. | Judge Manish S. Shah |
| GTS TRANSPORTATION CORP. and TOMAS STIRBYS, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Truck drivers Alexei Plestsov, Denis Nazarov, and Roman Kalabayda filed a class action complaint against their former employer, GTS Transportation Company and its owner Tomas Stirbys, for violations of the Illinois Wage Payment and Collection Act. In the alternative, the plaintiffs seek relief under quasi-contract theories. The defendants move to dismiss the complaint, and their motion is granted.

I.   **Legal Standard**

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). At the motion to dismiss stage, I accept the plaintiffs' factual allegations as true and draw all reasonable inferences in their favor. *Iqbal* at 678–79. I do not accept allegations that are unsupported, conclusory, or legal conclusions. *Id.*

**II.     Facts**

Alexei Plestsov, Denis Nazarov, and Roman Kalabayda worked as truck drivers for GTS Transportation Corporation, a trucking company owned by Tomas Stirbys that delivers goods across states. [1] ¶¶ 1, 8–10, 29, 46–47, 64.[1] Plestsov and Kalabayda orally agreed to work in exchange for a percentage of each load hauled minus certain expenses. [1] ¶¶ 31, 66. Nazarov orally agreed to be paid per mile. [1] ¶ 49. The terms included that each driver would be paid in full and on time. [1] ¶ 99. Plestsov, Nazarov, and Kalabayda also signed a document they didn't fully understand because of language barriers. [1] ¶¶ 36, 54, 71. GTS and Stirbys exercised significant control over plaintiffs, including their assignments, instructions and timeframe for delivery, hours worked, and vehicles used. [1] ¶¶ 81–85, 88–89, 93–94, 96–98, 100, 102. The defendants also tracked drivers, mandated insurance and recordkeeping, conducted background checks and drug tests, and controlled compensation policies and practices. *Id.*

Plaintiffs allege that Stirbys and GTS forged the billing documents for each load hauled and altered the mileage formula, resulting in underpayment for truck drivers paid per load or per mile. [1] ¶¶ 40, 59 76–77, 80. Plaintiffs also allege that the defendants took improper deductions from their paychecks or failed to reimburse them—for costs like repairs and operational expenses—and did not pay them for extra work and/or issue their final paycheck. [1] ¶¶ 38–39, 41, 56–58, 62, 73–75.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of documents.

Based on these wrongs, Plestsov alleges $29,734.74 in damages and Kalabayda alleges $65,532.88. [1] ¶¶ 42–44, 73–74, 79. These figures exclude the cost of underpayment based on load miscalculations. *Id*. Nazarov alleges $6,467.37 in damages. [1] ¶ 63. Plaintiffs approximate 500 truck drivers were similarly incorrectly compensated per mile or per load and that at least two thirds of the class members are citizens of states other than Illinois. [1] ¶¶ 17, 108–10. Within the class, at least ten percent of the deliveries were made in Illinois, meaning the truck drivers spent at least twenty to thirty percent of their time commuting through Illinois. [1] ¶¶ 86–87.

Plestsov, Nazarov, and Kalabayda filed this class action lawsuit in federal court, claiming GTS and Stirbys violated the Illinois Wage Payment and Collection Act by misclassifying them and similarly situated drivers as independent contractors, failing to pay them in a timely manner, failing to issue final paychecks, failing to reimburse, taking improper deductions, and failing to notify plaintiffs of their true rate of pay. [1] ¶¶ 111–18. Plaintiffs plead in the alternative, incorporating all their factual allegations, that defendants were unjustly enriched from the deductions they took—for costs like highway taxes, fuel, and repairs—and the compensation they improperly withheld. [1] ¶¶ 122–25, 129. Nazarov and Kalabayda are residents of Illinois. [1] ¶¶ 9–10. According to the complaint, a named plaintiff is a citizen of

3

Oregon. [1] ¶ 17.[2] GTS is incorporated in Illinois and does business in Illinois. [1] ¶ 15. Stirbys is a citizen of Illinois. [1] ¶ 15.

### III. Analysis

The Class Action Fairness Act of 2005 permits federal jurisdiction over claims where at least one plaintiff is diverse from at least one defendant ("minimal diversity"), the amount in controversy exceeds $5 million in the aggregate, and there are 100 or more class members. 28 U.S.C. § 1332(d); *Sabrina Roppo v. Travelers Commercial Insurance Co.*, 869 F.3d 568, 578 (7th Cir. 2017). At the motion to dismiss stage, defendants may assert a facial or factual challenge to jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). A facial challenge requires the court to look at the complaint and see if the plaintiff has sufficiently alleged subject matter jurisdiction. *Id.* A factual challenge is when defendants present external facts, through a declaration or discovery, which call the court's jurisdiction into question. *Id.* at 444. For factual challenges, district courts may look beyond the pleadings and review whatever evidence has been submitted to determine whether subject matter jurisdiction exists (without converting the motion to one for summary judgment). *Id.* at 444. GTS and Stirbys claim to assert a factual challenge to jurisdiction but do not submit any external facts. Therefore, their arguments amount to a facial challenge, limited to the four corners of the complaint.[3]

---

[2] In their response brief, plaintiffs indicate they made an error and that Plestsov is the named plaintiff and a citizen of the state of Washington. [19] at 4, n.1

[3] By requesting limited discovery related to class citizenship in the event their motion to dismiss is denied, GTS and Stirbys appear to recognize that they don't raise a true factual challenge to jurisdiction. [17] at 13.

Plaintiffs' allegations of citizenship are a little sloppy. For individuals, "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Plaintiffs may have conflated residency with citizenship by only mentioning Nazarov's and Kalabayda's residences with no other details. [1] ¶¶ 9–10. Without clearly alleging the citizenship of Nazarov and Kalabayda, it is not reasonable to infer Plestsov is the plaintiff who is a citizen of another state. [1] ¶ 17. (Plaintiffs also describe the wrong state. [19] at 4, n.1.) GTS's principal place of business could also be alleged more clearly. Saying GTS operates in Illinois does not establish that its nerve center is in Illinois since the company operates across state lines. [1] ¶¶ 12, 125. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). To avoid any confusion, the plaintiffs have leave to file an amended complaint to properly allege minimal diversity.

The plaintiffs do, however, sufficiently plead a CAFA-sized class. Defendants do not assert any concrete fact to contest the number of class members alleged.[4] And the plaintiffs' allegation that there are 500 drivers in the class is plausible. [1] ¶ 110. GTS is an interstate trucking company founded in 2009. [1] ¶¶ 101, 125. The statute of limitations for IWPCA claims is at least 5 years. *See* 735 ILCS 5/13–205, 5/13–206. The plaintiffs worked for GTS for approximately 5 or 18 months. [1] ¶¶ 29, 46 64.

---

[4] In *Daley v. Jones Motor Company, Incorporated*, 743 Fed.Appx. 35, 37 (7th Cir. 2018) (unpublished), the defendant provided an affidavit about the number of employees it hired and successfully contested the plaintiff's jurisdictional allegations about numerosity. GTS and Stirbys present no such evidence here.

Drawing all reasonable inferences in plaintiffs' favor, *Iqbal* at 678–79, a high employee turnover rate over multiple years reasonably suggest that GTS employed 500 truck drivers during the applicable limitations period.

A similar analysis applies to plaintiffs' allegations about the amount in controversy. GTS and Stirbys do not present new evidence undermining plaintiffs' specific assertions about deductions, reimbursements, and withheld payments. [1] ¶¶ 38–39, 41–42, 56–58, 73–75. Rather defendants argue, with no supporting evidence, that the wide range of damages and lack of uniformity means the plaintiffs cannot exceed the $5 million threshold. But this argument does not suggest that it is factually impossible for plaintiffs to establish the required amount in controversy. The average amount alleged by the three plaintiffs, multiplied by 500, well exceeds the $5 million threshold. [1] ¶¶ 44, 56–63, 73–79.[5] Thus, plaintiffs present a good faith estimate. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–543 (7th Cir. 2006) (if material facts are not properly contested, the amount in controversy need only be alleged in good faith and not by a preponderance of the evidence).

GTS and Stirbys also fail to show that the home-state or local exception under CAFA applies. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (the party seeking the exception bears the burden of proof) (citations omitted). The two exceptions contain similar requirements: if two-thirds or more than

---

[5] A reasonable estimate does not require plaintiffs to allege amounts that are uniform and consistent across each class member. Moreover, the alleged amounts for Plestsov and Kalabayda are underestimates because they do not include additional damages from the load miscalculations. [1] ¶¶ 44, 79. And the defendants' hearsay argument is for a later stage in the case—the employees who told plaintiffs about the forged billing documents may testify under oath. [1] ¶¶ 45, 77, 80.

two-thirds of class members are citizens of the state in which the lawsuit was filed and share the same citizenship with a significant or primary defendant, a federal court must decline to exercise federal jurisdiction. 28 U.S.C. § 1332(d)(4), *et seq*. But the plaintiffs' allegation that at least two-thirds of the proposed class members are citizens of a state other than Illinois is plausible and not conjecture. [1] ¶ 17. Approximately ninety percent of GTS cargo is delivered outside of Illinois, and drivers spend approximately seventy to eighty percent of their time commuting outside of Illinois. *See* [1] ¶¶ 86–87, 125. Given the nature of the trucking business and these geographic requirements, it is reasonable to assume GTS hires a significant number of drivers domiciled outside of Illinois.[6] While some of defendants' jurisdictional arguments fail, as noted above, plaintiffs have leave to file an amended complaint to properly allege diversity jurisdiction under CAFA.

GTS and Stirbys also move to dismiss plaintiffs' claim for unjust enrichment and quantum meruit. Unjust enrichment and quantum meruit are equitable remedies that protect plaintiffs who don't have legal recourse under contract law. *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill.2d 473, 497 (Ill. 1992).[7] In other

---

[6] It is not, however, reasonable to assume that the citizenship of the named plaintiffs proportionally reflects the citizenship composition of the proposed class without additional evidence. And GTS and Stirbys do not present any facts to suggest two-thirds or more of the proposed class members are, in fact, citizens of Illinois, which would move this action to state court under the home-state or local exception. *See Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) (class actions strongly linked to a particular state should be heard in state court).

[7] Unjust enrichment and quantum meruit are distinct, albeit similar, quasi-contract causes of action. *See Hayes Mech., Inc. v. First Indus., L.P.*, 351 Ill.App.3d 1, 9 (1st Dist. 2004). It is not settled under Illinois law whether unjust enrichment is an independent cause of action. *See, e.g.*, *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 571 (7th Cir. 2016) (citing *Cleary*

words, these remedies apply to situations involving implied contracts, invalid contracts, or claims that fall outside contracts. *See id.* The law permits recovery in these instances because the defendants received a benefit that would be inequitable for them to retain without payment. *Id.* Here, Plestsov, Nazarov, and Kalabayda allege that the defendants unjustly benefited from withholding or reducing plainitffs' paychecks. [1] ¶¶ 123–24. While the plaintiffs mention some "unknown document," suggesting an invalid contract, [1] ¶¶ 36, 54, 71, they also incorporate their oral compensation agreements into their equitable claims. [1] ¶ 111. These were valid agreements that required the defendants to pay the plaintiffs a certain rate, in full, and on time. [1] ¶¶ 31, 49, 66, 99. Recovery under quasi-contractual theories is unavailable where the conduct at issue is the subject of an express contract. *See Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). Because the deductions and compensation at issue derived from a valid contract, and plaintiffs incorporate those allegations into their equitable claims, Count II fails to state a claim.[8] Count II is dismissed without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (leave to amend should be freely given after dismissal of the first complaint); Fed. R. Civ. P. 8(d) (plaintiffs may bring inconsistent claims at the pleading stage).[9]

---

*v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)). But since neither party has briefed that issue, it need not be addressed in this opinion.

[8] In order to plausibly allege unjust enrichment or quantum meruit, plaintiffs would need to clearly delineate between misconduct based on valid agreements and misconduct that falls outside a contract.

[9] To the extent the defendants attempt to argue that the Illinois Workers' Compensation Commission has initial jurisdiction of this case, [20] at 5, that argument is waived. *See*

## IV. Conclusion

The defendants' motion to dismiss, [16], is granted. Any amended complaint must be filed by November 4, 2020, and the parties shall file a joint status report on November 12, 2020, with a proposal for a case schedule and a deadline for defendants to respond to the amended complaint. If no amended complaint is filed, the clerk will enter final judgment dismissing the case without prejudice for lack of jurisdiction.

ENTER:

                                              Manish S. Shah
                                              United States District Judge

Date: October 14, 2020

---

*Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018) (arguments raised for the first time in a reply brief are waived).