# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEXEI PLESTSOV, DENIS NAZAROV, and ROMAN KALABAYDA, individually and on behalf of other similarly situated members of putative class,<br><br>*Plaintiffs*,<br><br>v.<br><br>GTS TRANSPORTATION CORPORATION and TOMAS STIRBYS,<br><br>*Defendants*. | No. 20-cv-01847<br><br>District Judge Manish S. Shah<br><br>Magistrate Judge Maria Valdez |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to this Court's order on December 14, 2021 [DKT 70], Plaintiffs Alexei Plestsov, Denis Nazarov, and Roman Kalabayda (collectively, "Plaintiffs"), and Defendants, GTS Transportation Corp. ("GTS") and Tomas Stirbys ("Stribys"); collectively, GTS and Stirbys are "Defendants" and Plaintiffs and Defendants are collectively the "Parties"), respectfully submit the following Joint Motion for Approval of Settlement Agreement. In support thereof, the Parties state as follows:

### Introduction

1. The Parties respectfully move this Court to approve the proposed settlement reached by the Parties and memorialized in their Confidential Mutual General Release and Settlement Agreement (the "Settlement Agreement" or "Settlement").

2. The Parties submit that the proposed Settlement is fair and reasonable. The Settlement was achieved during arms-length negotiations between the Parties, conducted by experienced counsel, after hard-fought litigation.

3. The Settlement achieves both sides' primary objectives. For Plaintiffs, the Settlement ensures Plaintiffs will be paid promptly for wages they allege are due to them under the Illinois Wage Payment and Collection Act. Two of the three Plaintiffs will also obtain a release of potential breach of contract claims that have been asserted against them in state court. Likewise, for Defendants, the Settlement ensures finality and offers Defendants the ability to resolve these claims without the burden and expense of litigation, and without an admission of liability or wrongdoing.

4. The Parties agree that a material term of the Settlement is confidentiality. Therefore, consistent with this Court's prior Order, the Parties will submit the Settlement Agreement to the Court for *in camera* review via email to proposed_order_shah@ilnd.uscourts.gov. DKT 70.

5. The Parties further agree that, if the Court so requires, the Parties will appear before the Court for an *in camera* hearing for the purpose of providing the Court with a verbal explanation of the breakdown of the total settlement amount, including why the sum agreed to by the parties is reasonable under the Illinois Wage Payment & Collection Act ("Wage Act").

6. Though Plaintiffs filed this lawsuit as a putative class action, Plaintiffs have not moved for class certification. As such, the Settlement does not affect any claim of any other past or present employee other than the three named Plaintiffs.

## THE LAWSUIT

7. Plaintiffs are truck drivers who worked for GTS, a trucking company founded by Stirbys. Plaintiffs allege that Defendants misclassified Plaintiffs as independent contractors and violated the Wage Act by, among other things, failing to reimburse Plaintiffs for work-related

expenses, failing to pay them in a timely manner, failing to notify Plaintiffs of their true rate of pay, and by taking improper deductions from Plaintiffs' pay.

8. Defendants deny any liability or wrongdoing in this case. As such, the Parties acknowledge that should this case proceed, many *bona fide* disputes over legal and factual issues will have to be litigated, the ultimate resolution of which will substantially impact the outcome of these matters.

9. Plaintiffs filed this lawsuit in March 2020, and the Parties actively litigated this case for more than twenty months. In October 2020, the Court granted Defendants' motion to dismiss for lack of jurisdiction. *See Plestsov v. GTS Transp. Corp.*, 20 CV 1847, 2020 WL 6059854, at *4 (N.D. Ill. Oct. 14, 2020). In February 2021, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' amended complaint for failure to state a claim. *See Plestsov v. GTS Transp. Corp.*, 20 CV 1847, 2021 WL 534666, at *4 (N.D. Ill. Feb. 12, 2021). And, from August 2021 through November 2021, this Court issued a series of significant rulings on outstanding discovery issues. *See* DKTS 44, 54, 63, 66.

10. Defendants' current counsel entered their appearances in the case on October 28, 2021. DKTS 59–61.

11. Soon thereafter, the Parties began discussing the possibility of settlement. On November 22, 2021, the Parties advised the Court that they had reached a settlement in principle. *See* DKT 68. And, on December 17, the Parties advised the Court that they had finalized the Settlement Agreement. *See* DKT 71.

## THE SETTLEMENT

12. The proposed Settlement eliminates the time, cost, and uncertainty that would be occasioned by further litigation of the issues.

13. If approved by the Court, the Settlement will compensate Plaintiffs for the allegedly withheld (though disputed) wages, and all other claims for damages, attorneys' fees, and other relief. The Settlement will also release Plaintiffs Plestsov and Kalabayda from breach of contract claims that GTS previously pursued against those Plaintiffs in Illinois state court.

## THE PROPRIETY OF APPROVAL

14. It is customary in the Seventh Circuit for parties to request court approval of settlements to ensure a valid and enforceable release of an FLSA claim. *See*, *e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor,* 679 F.2d 1350, 1352–53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). However, it is less clear under Illinois law whether releases under the Wage Act also require court approval. *See id.* at 6–7; *Lewis v. Giordano's Enterprises, Inc*., 397 Ill. App. 3d 581, 593 (1st Dist. 2009); *see also* Wage Act, § 9 ("The acceptance by an employee of a disputed paycheck shall not constitute a release as to the balance of his claim and any release or restrictive endorsement required by an employer as a condition to payment shall be a violation of this Act and shall be void."). On the other hand, courts review the reasonableness of settlements under both the FLSA and the Wage Act using a similar analysis. *See Lewis*, 397 Ill.App.3d. at 593. Therefore, in an abundance of caution, the Parties have submitted the Settlement Agreement for *in camera* review and seek Court approval through the filing of this Motion.

15. When reviewing a proposed settlement releasing claims of unpaid wages, the district court should review the settlement and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353, 1355. If a settlement reflects a reasonable compromise over issues, such as statutory coverage or computation of wages that are

4

actually in dispute, the court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

16. Here, the Parties have fiercely debated a number of factual and legal issues for nearly two years, and they would continue to do so absent the Settlement. Among other issues, the parties disagree whether Plaintiffs were properly classified as independent contractors, whether and to what extent GTS made improper deductions from Plaintiffs' checks and/or improperly failed to reimburse them for business expenses; whether Plaintiffs consented to the deductions; whether Plaintiffs' claims are preempted in whole or in part by federal law; and whether Plaintiffs Plestsov and Kalabayda are liable to GTS for the breach of contract claims GTS has asserted against them in state court.

17. The resolution of any one of these issues could affect Plaintiffs' potential recovery dramatically, and they may not recover at all. However, resolving these factual and legal issues could only be accomplished after costly and burdensome discovery and litigation. And, at the end of the day, both sides would face a greater degree of risk than they are currently willing to accept.

18. In light of these realities, the Parties believe that the Settlement is the best way to resolve the disputes between them, and, given the contested nature of the underlying litigation, the Court should likewise conclude that the Settlement is fair. *See Lynn's Food Stores, Inc*., 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *Roberts v. Apple Sauce, Inc*., No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate

5

recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'") (internal citations omitted).

19. Furthermore, in reviewing the record and evaluating the strength of the case to determine whether a proposed settlement is "a fair and reasonable resolution of a *bona fide* dispute," *Lynn's Food Stores, Inc.*, 679 F.3 d at 1355, courts consider the following non-exclusive factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiff[s] to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9, n.9 (N.D. Ill. Oct. 6, 2011). In this instance, the Settlement meets all applicable factors considered by courts, rendering it fair and reasonable.

20. As an initial matter, the Settlement appropriately factored in the complexity, risk, expense, likely duration of the litigation, and the range of reasonableness of the settlement in light of the best possible recovery. Moreover, the Settlement is not the product of fraud or collusion. Instead, the Settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience litigating employment law claims. More specifically, the Parties engaged in negotiations for nearly a week before reaching a settlement in principle, including discussion of the computation of alleged unpaid wages. Thereafter, the Parties spent nearly another month negotiating the terms of the Settlement Agreement. Additionally, counsel for the Parties were thoroughly familiar with the facts and legal issues when

settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable.

21. The Settlement guarantees Plaintiffs will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the Parties engage in discovery, briefing on motions for summary judgement, and a trial. Furthermore, the Parties recognize that the issues in this case lend themselves to grounds for appeal of any final decision, regardless of the prevailing party, and have taken the likelihood of an appeal into account in considering the merits of the potential Settlement. The Settlement Agreement thus allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

22. In sum, the Parties are satisfied and jointly represent to the Court that the Settlement Agreement fairly resolves the dispute between them in the instant action. The Parties stipulate to the dismissal with prejudice of the instant action upon Court approval. Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Wage Act.

## **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement, after *in camera* review, and dismiss the matter with prejudice.

Respectfully Submitted,

By: */s/ Rachel L. Schaller*
On behalf of Defendants GTS Transportation Corp. and Tomas Stirbys

Heather A. Jackson
hjackson@taftlaw.com
Rachel L. Schaller
rschaller@taftlaw.com
Andrew S. Murphy
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

*/s/ Julia Bikbova* (with consent)
On behalf of Plaintiffs Alexei Plestsov, Denis Nazarov, and Roman Kalabayda

Julia Bikbova
julia@bikbovalaw.com
BIKBOVA LAW OFFICES, P.C.
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Telephone: (847) 730-1800

Harold L. Lichten
hlichten@llrlaw.com
Olena Savytska
osavytska@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

8

**Certificate of Service**

I hereby certify that on December 22, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Rachel L. Schaller
Rachel L. Schaller